IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWIGHT DAVID COLEMAN and
MILDRED R. COLEMAN,

    Plaintiffs,                        Civ. No. 11-2226 JAM GGH (PS)

  vs.

GMAC MORTGAGE, et al.,           ORDER

    Defendants.
_____/

       This is one of the many cases this court faces as a result of the implosion of the mortgage industry. Like many others, plaintiffs allege they are the victims of predatory lending and through a series of missteps and misrepresentations lost the ability to modify the terms of their loan. Plaintiffs' motion for a temporary restraining order was assigned to the undersigned given her availability when the motion was filed.

       The complaint includes thirteen state-law causes of action: (1) violation of California Financial Code § 50505; (2) accounting; (3) violation of California Commercial Code § 9313; (4) violation of California Civil Code § 2932.5; (5) fraud and embezzlement; (6) slander of title; (7) cancellation of the cloud on title; (8) quiet title; (9) wrongful foreclosure and trustee's sale; (10) rescission under California Civil Code § 1688; (11) violation of California Business and Professions Code § 17200, *et seq.* (unfair competition law); (12) civil conspiracy;

and (13) injunctive relief.  Plaintiffs have also filed a document called "Motion For Order To Removal [*sic*] Temporary Restraining Order."  ECF No. 3.  They ask to remove Sacramento County Superior Court case number 11UD05069 to this court.  *Id*.  Although plaintiffs do not clearly identify the Sacramento County case as an unlawful detainer action, they have attached a Trustee's Deed Upon Sale to their complaint, showing that their home was sold at public auction on March 30, 2011.  ECF No. 1 at 76-77.  They allege that the trustee's sale occurred during the time they were attempting to negotiate a HAMP modification of their loan.  ECF No. 3 at 1.  In the TRO checklist required by this court, they aver that during a state court hearing this week, they notified defendants they would seek a TRO from this court.  ECF 3-1 at 1.

To the extent plaintiffs are attempting to remove an unlawful detainer action to this court, they have not followed the proper steps for removal:  they have not filed the proper notice of removal identifying the grounds for removal or provided anything the court can identify as copies of the moving papers from the Superior Court action.  28 U.S.C. § 1446.  Although at the time of their filing here plaintiffs were proceeding pro se, plaintiffs nevertheless are held to the rules of procedure applicable in this court.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

To the extent plaintiffs are seeking to restrain the unlawful detainer action in state court, they have not shown a sufficient likelihood of success on the merits.  A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  FED. R. CIV. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the

merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical").

Many of plaintiffs' causes of action would, if successful, entitle them to damages but not prevent their eviction from the foreclosed property. *See*, *e.g., Canales v. Federal Home Loan Mortg. Corp.*, 2011 WL 3320478, at *8 (C.D. Cal. Aug. 1, 2011) (describing elements of equitable claim for accounting); *Lippitt v Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (elements of claim for violation of unfair competition law).

To the extent plaintiffs contend that the foreclosure itself was wrongful, they base this claim largely on the argument that defendant MERS had no authority to act as the beneficiary under the Deed of Trust and thus had no authority to substitute the trustee or to transfer the Deed of Trust to subsequent beneficiaries. *See, e.g.*, ECF No. 1 at 36-40. A majority of courts considering the role of MERS to date have concluded that MERS has all the rights of a beneficiary, from foreclosing on the property, to assigning its beneficial interest, to substituting a new trustee. *See, e.g., Pantoja v. Countrywide Home Loans*, 640 F.Supp.2d 1177, 1188-89 (N.D. Cal. 2009) (foreclosing); *Hensley v. Bank of New York Mellon*, 2011 WL 2118810, at *2 (E.D. Cal. May 27, 2011) (assigning beneficial interest). Given the current state of the law, this court believes these decisions are correct, meaning it must conclude plaintiffs have not demonstrated a likelihood of success on the claims that might allow them to stay in their home.

Finally, to the extent plaintiffs seek to restrain the Sacramento County Superior Court from proceeding with the unlawful detainer action, they have not explained why this court should not abstain from entering such an order. *Wadhwa v. Aurora Loan Services, LLC*, 2011 WL 2681483, at *3 (E.D. Cal. 2011) (*Younger* abstention counsels against interference in state unlawful detainer action); *Scherbenske v. Wachovia Mortg., FSB*, 626 F.Supp.2d 1052, 1056

1  (E.D. Cal. 2009) (*Colorado River* abstention is appropriate in unlawful detainer proceedings).

2        This brief order responds only to the questions plaintiffs have presented for
3  expedited determination.  It does not and cannot address the very real human cost of the
4  foreclosure crisis, which is apparent in many of the cases currently before the court.  Unless or
5  until future filings call for additional determinations by this tribunal, it is for the defendants to
6  determine whether to pursue the unlawful detainer action, a question beyond the scope of these
7  proceedings.

8        IT IS THEREFORE ORDERED that plaintiffs' motion for a temporary
9  restraining order (ECF No. 3) is denied.

10 DATED:  August 24, 2011.

_____

UNITED STATES DISTRICT JUDGE