IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWIGHT DAVID COLEMAN, et al.,

      Plaintiffs,                    No. CIV S-11-2226 JAM GGH PS

   vs.

GMAC MORTGAGE, et al.,

      Defendants.              ORDER TO SHOW CAUSE

_____/

      This action was referred to the undersigned pursuant to Local Rule 302(c)(21). On August 23, 2011, plaintiffs filed a document entitled "Notice of Removal Complaint for Damages."

      This pleading, to the extent it can be construed as a notice of removal, appears to have been defectively removed. There is no proper notice of removal contained in the filing, and the grounds for removal have not been identified. Nor has the basis for federal subject matter jurisdiction been described. The pleading's section entitled "Jurisdiction and Venue" states only that the events occurred in Sacramento County and the subject property is located in Sacramento County. (Dkt. no. 1 at 17.) Plaintiffs do refer to violation of the Real Estate Settlement Procedures Act ("RESPA") in passing, but only in the context of describing a violation of the California Financial Code (Id. at 25-27.) Further, although plaintiffs appear to seek removal of a

1

Sacramento Superior Court case, numbered 11UD05069, plaintiffs have not attached any of the papers from the superior court action. (Dkt. no. 1 at 76.)

To the extent plaintiffs seek to remove an unlawful detainer action, which the superior court case number cited above denotes, such actions are not removable to federal court.

A district court has an independent duty to examine its own jurisdiction and remand a removed action "since removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment ...." Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S. Ct. 596, 606-07 (1990); Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A state court defendant cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law

1 creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3rd Cir. 1992). A defense to an action, based on constitutional rules of general applicability, is not a sufficient basis to remove an action to federal court. See id.; Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law ... nor one based on federal preemption ... renders an action brought in state court removable."). The Colemans have not raised any federal questions, and have not shown that they are unable to raise their federal constitutional rights in state court.[1]

This court has no jurisdiction over unlawful detainer actions which are strictly within the province of state court. The Colemans' apparent attempt at creating federal subject matter jurisdiction by simply stating so will not succeed. See Catee v. Capital One, F.S.B. 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal). To the extent that this purported removal indicates an attempt to raise federal defenses, such defenses cannot be grounds for removal. ARCO Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000).

To the extent that the pleading filed August 23, 2011, can be construed as a complaint, it should be dismissed for lack of subject matter jurisdiction based on the authority cited above. The complaint contains only state law claims. No federal violations are alleged.

Finally, if the filing is construed as a complaint, assuming subject matter jurisdiction to be proper for the moment, plaintiffs have not served the complaint within the time

---

[1] To the extent that the Colemans are plaintiffs in the state court action as the face page of their pleading indicates, they may not remove an action to federal court as the right of removal is only granted to defendants. 28 U.S.C. §1441(a).

3

1  required. Pursuant to Federal Rule of Civil Procedure 4(m), the court may dismiss an action
2  where service of summons is not made within 120 days after the filing of the complaint. In the
3  order requiring timely service filed August 23, 2011, plaintiffs were cautioned that this action
4  may be dismissed if service was not timely completed. This action was filed August 23, 2011,
5  and plaintiffs have not yet served defendants with summons.
6        Accordingly, IT IS HEREBY ORDERED that:
7        Plaintiffs shall show cause, in writing, within fourteen days from the date of this
8  order, why this action should not be dismissed because either:
9        a. removal is improper and this court has no jurisdiction over unlawful detainer
10 actions;
11       b. if plaintiffs' filing is construed as a complaint, there is no federal subject matter
12 jurisdiction; or
13       c. if plaintiffs' filing is deemed a complaint, plaintiffs have failed to comply with
14 Federal Rule of Civil Procedure 4(m).
15       Failure to _timely_ file the required writing will result in a recommendation that the
16 case be dismissed.
17 DATED: January 19, 2012
18                         /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE
19
20 GGH:076/Coleman2226.osc.wpd
21
22
23
24
25
26

4